Annick M. Persinger (State Bar No. 272996)
TYCKO & ZAVAREEI LLP
10880 Wilshire Boulevard, Suite 1101
Los Angeles, CA 90024
(510) 254-6808
(202) 973-0950 *facsimile*
*apersinger@tzlegal.com*

Hassan A. Zavareei (State Bar No. 181547)
Allison W. Parr (*pro hac vice* forthcoming)
TYCKO & ZAVAREEI LLP
1828 L Street, N.W., Suite 1000
Washington, D.C. 20036
(202) 973-0900
(202) 973-0950 *facsimile*
*hzavareei@tzlegal.com*
*aparr@tzlegal.com*

*Attorneys for Plaintiff*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STACY MORGAN, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>GRANDE COSMETICS, LLC,<br><br>Defendant. | Case No.  2:21-cv-6839<br><br>**CLASS ACTION COMPLAINT**<br><br>(JURY TRIAL DEMANDED) |

**CLASS ACTION COMPLAINT**

# CLASS ACTION COMPLAINT

Plaintiff STACY MORGAN brings this action on behalf of herself and all others similarly situated against Grande Cosmetics, LLC ("Grande Cosmetics"). Ms. Morgan's allegations against Grande Cosmetics are based upon investigation carried out by Ms. Morgan's counsel, except for allegations pertaining to Ms. Morgan, which are based upon Ms. Morgan's personal knowledge.

## I.    NATURE OF ACTION

1.    Defendant Grande Cosmetics, an American manufacturer specializing in beauty products, sells GrandeLASH-MD Lash Enhancing Serum, GrandeBROW Brow Enhancing Serum, and GrandeHAIR Enhancement Serum (hereafter, the "Enhancement Serums" or "Products") without a prescription deceptively selling claiming that they are safe cosmetics, or "serums," with no active drug ingredient, and no serious side effects. In fact, the Enhancement Serums contain the active ingredient isopropyl cloprostenate ("ICP"). The Food and Drug Administration ("FDA") associates ICP, which is in the same class of compounds as the active ingredient found in prescription drugs that grow eyelashes, like Latisse, with potential serious side effects like iris discoloration, and has concluded that ICP lash and brow products are not safe for use except under supervision of a licensed physician.

2.    Because the Enhancement Serums are drugs within the meaning of Cal. Health & Safety Code §§ 109875, *et seq.*, Grande Cosmetics was required to seek regulatory approval before selling the Enhancement Serums to California consumers. Grande Cosmetics sought no such approval, and instead concocted a scheme to take the Enhancement Serums straight to market by selling them as cosmetics instead of prescription drugs. Even though the Enhancement Serums are an unapproved drug that should never have been available for sale to consumers, Grande Cosmetics unlawfully sold hundreds of thousands of units of the Enhancement Serums to California consumers at around $65-$125 apiece.

3.     Like other California consumers, Ms. Morgan purchased one of the Enhancement Products, GrandeLASH-MD, not knowing that it is a new drug with potentially serious side effects not reasonably expected from a cosmetic—including iris discoloration, the development of growths in the eye, and the complete loss of eyelashes. To stop Grande Cosmetics' sale of unapproved drugs to California residents and to recover monetary relief for similar purchasers, Ms. Morgan brings this action on behalf of herself and similarly situated purchasers in California based on Grande Cosmetics' violation of (1) California's Unfair Competition Law, Business and Professions Code §§ 17200, *et seq.*, (2) California's False Advertising Law, Business and Professions Code §§ 17500, *et seq.*, and (3) California's Consumer Legal Remedies Act, Civil Code §§ 1750, *et seq.* ("CLRA").

## II.   PARTIES

4.     Plaintiff Stacy Morgan is and was at all relevant times a citizen of the State of California, residing in Los Angeles County, California. Ms. Morgan has purchased and used the Enhancement product, GrandeLASH-MD, for personal, family, or household purposes. In April 2020, Ms. Morgan placed an order GrandeLASH-MD through Salon Centric's website.

5.     Ms. Morgan examined GrandeLASH-MD's packaging, labeling, and/or other marketing materials. If Grande Cosmetics had properly disclosed the true facts regarding GrandeLASH-MD and its ingredients, Ms. Morgan would not have purchased GrandeLASH-MD. Ms. Morgan reasonably understood the marketing of GrandeLASH-MD to mean or imply that the sale of GrandeLASH-MD is legal.  Based on the labeling and marketing of GrandeLASH-MD, Ms. Morgan reasonably believed that she was purchasing a product that was legally saleable. Ms. Morgan would not have purchased GrandeLASH-MD had she known that it was being sold illegally, contained drug ingredients, and/or contained ingredients known to cause adverse effects. Ms. Morgan would consider purchasing GrandeLASH-MD in the future if it were sold under different

**CLASS ACTION COMPLAINT**

terms that complied with the law, and/or if she could be assured that it no longer contained an undisclosed drug ingredient associated with serious undisclosed side effects.

6. Defendant Grande Cosmetics, LLC is a cosmetics company headquartered in Valhalla, New York. Grande Cosmetics markets and sells the Enhancement Serums directly through its website, as well as through popular retailers.

## III. JURISDICTION AND VENUE

7. **Subject Matter Jurisdiction.** This Court has subject matter jurisdiction pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2). The amount in controversy, exclusive of costs and interest, exceeds the sum of $5 million in the aggregate. In total, there are well over 100 members of the proposed Class that are known to exist, and this is a class action in which complete diversity exists between at least one plaintiff and one defendant—namely that Plaintiff Morgan is a citizen of California, while Defendant Grande Cosmetics is headquartered in, and therefore is a citizen of, New York.

8. **Personal Jurisdiction.** This Court has personal jurisdiction over Grande Cosmetics because Grande Cosmetics conducts substantial business in this District and in the State of California through its sale of products directly to California consumers through its website and also through its California-based retailers. In addition, Plaintiff and the Classes have suffered injury as a result of Grande Cosmetics' acts in this District.

9. **Venue.** Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to this action occurred in this District.

## IV. ALLEGATIONS COMMON TO ALL CLASS MEMBERS

### A. Statutory Framework

10. Grande Cosmetics' business practices violate California Health and Safety Code that prohibit the sale of any new drug or misbranded product absent preapproval. Cal. Health & Safety Code §§ 111550, 110398, 111440; *see also* 21 U.S.C. § 355(a).

11.     By violating the Health and Safety Code and federal law, Grande Cosmetics violated the unlawful prong of the UCL. By falsely claiming that the Enhancement Serums are cosmetics and failing to disclose that it is a drug, Grande Cosmetics also violated the FAL, and the CLRA.

12.     Any product considered a new drug that is sold without an approved new drug application ("NDA") is misbranded for purposes of California Health and Safety Code §§ 110398 and 111440.

13.     A substance is a drug if it is "intended to affect the structure of any function of the body of man or other animals." Cal. Health & Safety Code § 11014; 21 U.S.C. § 321(g).

14.     Under 21 C.F.R. § 310.527(b), incorporated into California law by California Health and Safety Code § 110110, any over-the-counter drug purportedly intended to grow hair is a new drug *per se* for purposes of the FDCA, and thus also for California Health and Safety Code § 111550.

15.     The Enhancement Serums are also "misbranded" drugs under various provisions of the Cal. Health & Safety Code, including:

(i) under § 111330 because the product labeling is misleading insofar as it fails to disclose all significant safety concerns and/or fails to disclose that it is a drug, and is a new drug sold without an approved new drug application;

(ii) under § 111335, because the product labeling and packaging do not conform to the requirements of Chapter 4 (commencing with § 110290);

(iii) under § 111355 because the product labeling does not bear the established name and quantity of each active ingredient;

(iv) under § 111360, because Grande Cosmetics fails to include in all advertising materials a summary of all side effects and contraindications;

(v) under § 111375, because the product labeling does not bear adequate warnings as to unsafe dosages or methods or duration of administration or application; and/or

(vi) under § 111400, because it may be dangerous to health when used in the suggested frequency, duration, or dosage.

16. Under the Health & Safety Code, it is unlawful for any person to manufacture, sell, deliver, hold, or offer for sale any drug that is misbranded, or to misbrand any drug. Cal. Health & Safety Code §§ 111440, 111445.

17. Because the Enhancement Serums are "new drugs" sold without approved new drug applications, and because they are misbranded drugs, the Enhancement Serums are sold illegally.

**B. The Enhancement Serums Are Unapproved Drugs**

18. The Enhancement Serums are unapproved new drugs because the overall circumstances of Grande Cosmetics' sale of enhancement serums demonstrate that Grande Cosmetics' objective intent in selling the Enhancement Serums was to affect the structure and function of the body by growing hair.

 i. *The presence of ICP along with the marketing of the Enhancement Serums confirm that they are drugs under the Sherman Law.*

19. Isopropyl cloprostenate ("ICP") is a prostaglandin analog that grows hair by extending the length of the hair cycle.

20. If ICP is present in a product and the marketing of the product contains "appearance claims," then the product is a drug under the Sherman Law.

21.   All of the Enhancement Serums are drugs because they contain ICP and are marketed with "appearance claims."

    a.   GrandeLASH-MD, which is labeled and marketed as a "Lash Enhancing Serum" that "promote[s] the appearance of naturally longer, thicker looking lashes," contains isopropyl cloprostenate.[1]



---

[1] *See*, *e.g.*, https://grandecosmetics.com/products/grandelash-md (last visited August 17, 2021).

**CLASS ACTION COMPLAINT**

b.  GrandeBROW, which is labeled and marketed as a "Brow Enhancing Serum" that "promote[s] the appearance of fuller, bolder looking brows in just 6-8 weeks," contains isopropyl cloprostenate.[2]



**CLASS ACTION COMPLAINT**

c.  GrandeHAIR, which is labeled and marketed as a "Hair Enhancing Serum" "for fuller & healthier looking hair," contains isopropyl cloprostenate.[3]



---

[2] *See*, *e.g.*, https://grandecosmetics.com/products/grandebrow (last visited August 17, 2021).

[3] *See*, *e.g.*, https://grandecosmetics.com/products/grandehair-rejuvenation-serum (last visited Aug. 17, 2021)

**CLASS ACTION COMPLAINT**

22.    The presence of the prostaglandin analog, isopropyl cloprostenate, along with appearance claims like "enhancing," "promote the appearance of naturally longer, thicker looking lashes," "promote the appearance of fuller, bolder looking brows," and "for fuller & healthier looking hair," indicate that the Enhancement Serums are "intended to affect the structure and function of the body" and is a drug as defined by section 201(g)(1)(C) of the Act (21 U.S.C. § 321(g)(I)(C)).

        ii.    *Additional circumstances confirm that the Enhancement Serums are drugs because they show that Grande Cosmetics' objective intent in selling the Serums was to grow hair.*

23.    Although the marketing claims discussed above combined with the presence of ICP standing alone sufficiently demonstrate that the Enhancement Serums are new drugs, additional circumstance confirm that it was Grande Cosmetics' objective to sell ICP-containing Serums for use to affect hair growth, including the price of the Products, the timeframe for seeing benefits from the Products, and the actual function of the Products.

24.    **Price Disparity.** All of the Enhancement Serums retail for a higher price than the average cosmetic.

    a.    GrandeLASH-MD retails for approximately $65 for a 3 month supply and $120 for a 6 month supply.[4]

    b.    GrandeBROW retails for approximately $70 for a 4 month supply.[5]

---

[4] *See, e.g.*, https://grandecosmetics.com/products/grandelash-md (last visited Aug. 17, 2021).

[5] *See, e.g.*, https://grandecosmetics.com/products/grandebrow (last visited Aug. 17, 2021).

**CLASS ACTION COMPLAINT**

c.   GrandeHAIR retails for approximately $65 for 20 mL and $125 for 40 mL.[6]

d.   GrandeMASCARA, on the other hand, retails for approximately $25.[7]

25.   **The timeframe for seeing benefits.** Unlike cosmetics such as mascara that provide instant beautification benefits, the marketing of each of the Enhancement Serums indicates that those products take weeks if not months to work.

a.   The marketing of GrandeLASH-MD cites to a consumer study where, after 12 weeks, "94% saw healthier looking lashes," "91% saw looking lashes," and "97% saw more visible lashes." The instructions for "how to use" GrandeLASH-MD state that "[d]ue to the length of the lash cycle, apply every day for a full 3 months. After desired improvement is achieved, apply every other day for maintenance." Additionally, as shown below, Grande Cosmetics markets GrandeLASH-MD with "before-and-after" pictures, which indicate noticeable eyelash growth after 12 weeks.[8]

---

[6] *See*, *e.g.*, https://grandecosmetics.com/products/grandehair-rejuvenation-serum (last visited Aug. 17, 2021

[7] *See*, *e.g.*, https://grandecosmetics.com/products/grandemascara (last visited Aug. 17, 2021).

[8] *See*, *e.g.*, https://grandecosmetics.com/products/grandelash-md (last visited Aug. 17, 2021).

**CLASS ACTION COMPLAINT**

1
2
3
4
5
6
7



*Based on a 12 week consumer study with 30 subjects. Results will vary.





*Based on a 12 week consumer study with 30 subjects. Results will vary.

**CLASS ACTION COMPLAINT**

b.  The marketing of GrandeBrow states that it "promote[s] the appearance of fuller, bolder looking brows in just 6-8 weeks, with full improvement in 4 months."[9] The marketing cites to a 16 week consumer study where "100% saw fuller looking brows," "94% saw healthier looking brows, and 91% saw thicker looking brows." The instructions for "how to use" GrandeBrow state that "[d]ue to the length of the brow cycle, apply every day for a full 4 months. After desired improvement is achieved, apply every other day for maintenance." Grande Cosmetics markets GrandeBROW with "before and after" pictures, which indicate noticeable brow growth after 16 weeks.[10]



*Based on a 16 week consumer study with 30 subjects. Results will vary.

---

[9] *See*, *e.g.*, https://grandecosmetics.com/products/grandebrow (last visited Aug. 17, 2021).

[10] *See*, *e.g.*, https://grandecosmetics.com/products/grandemascara (last visited Aug. 17, 2021).

**CLASS ACTION COMPLAINT**

c. The marketing for GrandeHAIR states that the "appearance of healthier, thicker looking hair" improves "in 8 weeks, with full improvement in 4 months." The marketing cites to a 16 week expert clinical grader evaluation where "97% saw improved hair thickness," and "97% less hair thinning." The instructions for "how to use" GrandeHAIR states that droplets should be applied nightly until full improvement, and then every other day for maintenance. Grande Cosmetics markets GrandeHAIR with "before and after" pictures, which indicate noticeable hair growth.



26.     **The actual function of the product.** The ICP in the Enhancement Serums grow lashes, brows, and hair by extending the length of the hair cycle.

27.     Isopropyl cloprostenate is one of a class of chemicals known as prostaglandin analogs, which have long been used to reduce intraocular pressure in glaucoma patients.[11] According to the Glaucoma Research Foundation, "prostaglandin

---

[11] Lifetech Resources LLC Warning Letter (Apr. 18, 2011), https://wayback.archive-it.org/7993/20170111100914/http:/www.fda.gov/ICECI/EnforcementActions/WarningLetters/2011/ucm251951.htm.

**CLASS ACTION COMPLAINT**

analogs work by increasing the outflow of intraocular fluid from the eye."[12] A well-known side effect of glaucoma treatments containing prostaglandin analogs is that they cause eyelash growth.[13]

28.     In 2008, the U.S. Food and Drug Administration ("FDA") approved Latisse,® whose active ingredient is a prostaglandin analog like ICP, which is known as bimatoprost, for increasing eyelash hair length, thickness, and darkness in patients with hypotrichosis (or inadequacy) of the eyelashes.[14] Latisse is classified as an ophthalmic drug and cannot be obtained without a prescription.[15]

29.     The FDA has found that, like the active ingredient in Latisse, the prostaglandin analog, isopropyl cloprostenate is "well known to have an effect on the structure or function of the body," and that, accordingly, products containing isopropyl cloprostenate "are drugs as defined by section 201(g)(1)(C) of the [the Federal Food, Drug, and Cosmetic] Act (21 U.S.C. § 321(g)(l)(C))."[16]

30.     Because they are objectively intended to affect the structure or function of the body, as demonstrated by the fact that it contains isopropyl cloprostenate, and the fact marketing contains "appearance" claims like "longer looking," as well by these other circumstances surrounding their sale, Enhancement Serums qualify as drugs under the Sherman Law.

---

[12] Prostaglandin Analogs, https://www.glaucoma.org/treatment/medication-guide.php#prostaglandin_analogs (last updated June 19, 2020).
[13] *See Id.*
[14] *See* Latisse Approval Letter (Dec. 24, 2008), https://www.accessdata.fda.gov/drugsatfda_docs/nda/2008/022369s000_Approv.pdf.
[15] *See* Latisse Full Prescribing Information (Mar. 2012), https://www.accessdata.fda.gov/drugsatfda_docs/label/2012/022369s005lbl.pdf.
[16] Lifetech Resources LLC Warning Letter (Apr. 18, 2011), https://wayback.archive-it.org/7993/20170111100914/http:/www.fda.gov/ICECI/EnforcementActions/WarningLetters/2011/ucm251951.htm.

**CLASS ACTION COMPLAINT**

**C.    The Fact that the Enhancement Serums Are Unapproved Drugs with an Ingredient Associated with Serious Side Effects Is Material to Consumers**

31.    In marketing the Enhancement Serums, Grande Cosmetics materially omits and does not adequately disclose to consumers that they are sold illegally without proper government approval.

32.    By omitting this information, Grande Cosmetics actively conceals material facts and leads reasonable consumers to believe that they are purchasing a Products whose sale does not violate federal and/or state law. Specifically, by marketing and selling the Enhancement Serums, Grande Cosmetics effectively represents to consumers that the Products are recognized as safe by the relevant regulatory bodies, and that they are legally saleable, when in reality, they are not.

33.    In addition to being drugs that are marketed and sold illegally, the Enhancement Serums contain the prostaglandin isopropyl cloprostenate, which is associated with serious adverse effects. Specifically, the FDA has found that isopropyl cloprostenate may cause side effects to the eye including, but not limited to ocular irritation, hyperemia, iris color change, macular edema, ocular inflammation, and interference with intraocular pressure reduction therapy.[17]  In marketing and selling the Enhancement Serums, Grande Cosmetics materially omits and does not adequately disclose to consumers that isopropyl cloprostenate is known to cause eye-related diseases like hyperemia, macular edema, ocular inflammation, and the lowering of intraocular pressure.  Grande Cosmetics also materially omits that when prostaglandin analogs, like ICP and bimatoprost, are applied to areas near the face, they can cause excess hair growth outside the treatment area, for instance on the cheek. Grande Cosmetics further fails to mention that ICP can cause clumps of hair, brows, and lashes to completely fall out instead of grow.

---

[17] *Id.*

**CLASS ACTION COMPLAINT**

34.     Grande Cosmetics lists amino acids, hyaluronic acid, and vitamin E as "key ingredients" in GrandeLASH-MD and GrandeBROW,[18] but neglects to mention that it is the Products' active drug ingredient, isopropyl cloprostenate, that causes hair growth. Similarly, Grande Cosmetics lists Procapil, ginkgo, and flower extracts as "key ingredients," when in fact, it is the drug ingredient, isopropyl cloprostenate, that causes hair growth. Reasonable consumers want to understand whether products have active ingredients, and the effect that they may have—especially when the Product is applied and kept on at night around the eye and face.

35.     Furthermore, numerous consumers have complained online that GrandeLASH-MD has caused side effects including, among other things, burning, itching, redness, discoloration, swelling, styes, severe dry eye, eyelash fallout, and drooping eyelids. For example:

- "I only used GrandeLash for a week and after the first use I experienced eyelid redness and bloodshot eyes. I figured it was just a first-time irritation thing, but had to use concealer to cover the eyelid redness. The next day it was worse. My eyelids were beginning to look dark brown/purple from the lash line to the eyebrow; darkest at the crease. I kept using the serum for the next 4 days, hoping it was just because I wasn't getting enough sleep that my eyes looked so dark, like I had been punched. I went to bed early for the next week to try to get 8+ hours of sleep, hydrated a ton and used a vitamin C eye cream, but I looked just as bad; kind of sickly honestly. Finally I looked up eyelid discoloration with GrandeLash and discontinued use that day. As quickly as the next morning I noticed a difference, and by the following day the discoloration was totally

[18] Ingredients, GrandeLASH-MD Lash Enhancing Serum, https://grandecosmetics.com/products/grandelash-md (last visited Aug. 13, 2021).

gone."[19]

- "Ouch! I tried this on one eye as a test and OMG it stings like crazy. I did not dare to open my eye, so I put a sleeping mask on to keep it shut."[20]

- "Don't know if this works? I am highly allergic to something in this. My eyeballs were red immediately after use. Tried a few more days and just got worse."[21]

- "This lash serum burned my eyes horribly and I woke up the next day with extremely bloodshot eyes and swollen lids."[22]

- "I did 12 weeks of this and it did nothing for me but cause dark circles (Latisse did the same for me but actually worked)[,] irritation, and a couple of styes."[23]

- "I just had to see an ophthalmologist as the colors in my right eye have started to bleed together. I have green eyes (green inner iris, with deep blue outer iris), and the bleu part of my eye is getting thicker on one side and almost bleeding into my inner iris, towards my pupil. It is quite noticeable to me, as my eyes are no longer symmetrical and one eye appears darker than the other. I've been

---

[19] BellaByrne, Sephora Community (Aug. 2021), https://community.sephora.com/t5/Everything-Eyes/GrandeLASH-sunken-eyes/m-p/5921011#feedback-success.

[20] Yvetteski Review, https://www.makeupalley.com/product/showreview.asp/ItemId=201537/Grande-Cosmetics-GrandeLASH-MD-Lash-Enhancing-Serum/Unlisted-Brand/Lash-Treatments (last visited Aug. 23, 2021).

[21] AngelaBrooke 76 Review, https://www.makeupalley.com/product/showreview.asp/ItemId=201537/Grande-Cosmetics-GrandeLASH-MD-Lash-Enhancing-Serum/Unlisted-Brand/Lash-Treatments (last visited Aug. 23, 2021).

[22] Michelle R. Review (May 9, 2021), https://grandecosmetics.com/collections/lash-serum/products/grandelash-md.

[23] Penny 25 Review, Sephora (Apr. 22, 2020), https://www.sephora.com/product/grandlash-tm-md-lash-enhancing-serum-P419219?skuId=1923275&icid2=skugrid:p419219.

**CLASS ACTION COMPLAINT**

using the Grande Lash-MD Lash Enhancing Serum for a few months now, so only just connecting the dots."[24]

36.    Consumers have also complained that GrandeBROW has caused side effects including loss of brow hairs, discoloration, sunken eyes, and change of iris color. For example:

- "This product caused discoloration all over my eyelid and it caused my eyes to appear more sunken in. It's like the premature aging I never asked for."[25]

- "While SOME hair grew along my brows (not much, and not in places where I actually put the product), hair ALSO grew along the side AND underneath the eye. I now have hairy eyes, which is not what I was going for at all."[26]

- "Yes, grows brows, however, do not use if only using on one brow! I am now stuck with one brow being three shades darker than the other one!"[27]

- "When I first used this product, I had amazing results. When I started my second tube, applying every other day as instructed my new fabulous brows fell out."[28]

37.    Consumers have also complained that GrandeHAIR has caused side effects, such as irritation and dryness.[29]

---

[24] AnnieSMR Comment (Mar. 2, 2021), https://community.sephora.com/t5/Everything-Eyes/Grandelash-change-eye-color/m-p/4230222.
[25] MIM99 Review (June 2, 2021), https://www.sephora.com/product/grandebrow-brow-enhancing-serum-P419218?skuId=2114817&icid2=skugrid:p419218.
[26] DCMouse Review (Feb. 18, 2019), https://www.sephora.com/product/grandebrow-brow-enhancing-serum-P419218?skuId=2114817&icid2=skugrid:p419218.
[27] Expertchef Review (July 22, 2021), https://www.sephora.com/product/grandebrow-brow-enhancing-serum-P419218?skuId=2114817&icid2=skugrid:p419218.
[28] Review (Apr. 15, 2018), https://www.sephora.com/product/grandebrow-brow-enhancing-serum-P419218?skuId=2114817&icid2=skugrid:p419218.
[29] *See, e.g.*, "Doesn't Work," https://www.ulta.com/p/grandehair-enhancing-serum-pimprod2018702 (last visited Aug. 23, 2021).

CLASS ACTION COMPLAINT

38.     Grande Cosmetics is aware that the Enhancement Serums may cause such damage due to an active drug ingredient. Despite notice and knowledge of the injuries caused by the Enhancement Serums via the numerous consumer complaints Grande Cosmetics has directly received and which are publicly available on the internet, Grande Cosmetics has failed and/or refused to provide an adequate remedy for the systemic injuries caused by the Enhancement Serums.

39.     Not only does Grande Cosmetics fail to disclose the possibility of severe and potentially permanent side effect, Grande Cosmetics instead represents that while "sensitivity" to the product is rare, a few users may experience "mild irritation" when first using the GrandeLASH-MD.[30]

40.     Whether a product has adverse side effects caused by a drug ingredient is material information that reasonable consumers would consider in deciding to buy the Products. Indeed, The FDA has advised that, because of its potentially harmful effects, products containing isopropyl cloprostenate are "not safe for use except under the supervision of a practitioner licensed by law to administer them."[31]

41.     Reasonable consumers would consider the omitted facts to be important in determining whether or not to purchase the Enhancement Serums.

42.     Grande Cosmetics omitted the above-described material information with the knowledge that its omissions would mislead and deceive consumers. Alternatively, Grande Cosmetics was reckless in not knowing that the omissions were deceptive and/or misleading.

---

[30] Frequently Asked Questions, https://grandecosmetics.com/pages/faq (last visited Aug. 17, 2021).
[31] Lifetech Resources LLC Warning Letter (Apr. 18, 2011), https://wayback.archive-it.org/7993/20170111100914/http:/www.fda.gov/ICECI/EnforcementActions/WarningLetters/2011/ucm251951.htm.

**CLASS ACTION COMPLAINT**

43.    Plaintiff and Class Members relied, to their detriment, on Grande Cosmetics to distribute safe products. Instead, Grande Cosmetics marketed and sold Products that contain an ingredient known to cause serious adverse effects.

44.    As the direct and proximate result of Grande Cosmetics' deceptive and/or misleading material omissions, Plaintiff and putative Class Members have suffered injury-in-fact and a loss of money or property through the out-of-pocket costs expended to purchase the Enhancement Serums.

45.    Grande Cosmetics has not recalled, relabeled or reformulated the Enhancement Serums, nor has it warned consumers about the dangers associated with using the Enhancement Serums.

## V.    CLASS ACTION ALLEGATIONS

46.    Plaintiff incorporates and reallege the above paragraphs.

47.    Plaintiff brings this action on behalf of themselves and the members of the proposed Class, which consists of:

> All California consumers who purchased an Enhancement Serum for personal, family, or household purposes from the beginning of the applicable statutory period through present. Excluded from the Class are Defendant; any entity in which Defendant has a controlling interest; and any legal representative, heir or assign of Defendant. Also, excluded from the Class are any federal, state or local governmental entities, any judicial officer presiding over this action and the members of his/her immediate family and judicial staff, and any juror assigned to this action.

48.    The members of the Class are so numerous that joinder is impractical. The Class consist of thousands of members, the precise number which is within the knowledge of and can be ascertained only by resort to Grande Cosmetics' records.

49.    There are numerous questions of law and fact common to the Class which predominate over any questions affecting only individual members of the Class. Among the questions of law and fact common to the Class are:

a.    Whether the Enhancement Serums qualify as drug products under California laws governing food, drugs, and cosmetics;

b.    Whether the Enhancement Serums are misbranded under California laws governing food, drugs, and cosmetics;

c.  Whether the manufacture, marketing, or sale of the Enhancement Serums are unlawful under California laws governing food, drugs, and cosmetics;

d.  Whether Grande Cosmetics had a duty to disclose material facts regarding the Enhancement Serums' status as drugs, safety concerns associated with the ICP in the Enhancement Serums, or the illegality of the sale of the Enhancement Serums;

e.  Whether Grande Cosmetics had a duty to not misrepresent material facts regarding the Enhancement Serums' status as a drug, safety concerns associated with the Enhancement Serums, or the illegality of the sale of the Enhancement Serums;

f.  Whether Grande Cosmetics failed to disclose material facts regarding safety concerns associated with the Enhancement Serums;

g.  Whether Grande Cosmetics failed to disclose material facts regarding the Enhancement Serums status as drugs or the illegality of the sale of the Enhancement Serums;

h.  Whether Grande Cosmetics' nondisclosures and misrepresentations would be material to a reasonable consumer;

i.  Whether Grande Cosmetics' nondisclosures and misrepresentations constitute an unlawful business practice in violation of the UCL;

j.  Whether Grande Cosmetics' nondisclosures and misrepresentations constitute an unfair business practice in violation of the UCL;

k.  Whether Grande Cosmetics' nondisclosures and misrepresentations were likely to deceive a reasonable consumer in violation of the UCL, CLRA, or FAL;

l.  Whether Grande Cosmetics knowingly or willfully misrepresented or failed to disclose the Enhancement Serums' status as drugs, significant safety concerns associated with the ICP in the Enhancement Serums, or the illegality of the Enhancement Serums sales;

m.  Whether Grande Cosmetics was unjustly enriched by receiving moneys in exchange for the Enhancement Serums;

n.  Whether the challenged practices harmed Plaintiff and members of the Class; and

o.  Whether Plaintiff and members of the Class are entitled to restitution, equitable relief, and/or injunctive relief.

50.  Plaintiff's claims are typical of the claims of the members of the Class because Plaintiff, like all members of the Class, purchased an Enhancement Serum, GrandeLASH-MD, not knowing that it was an unapproved drug that was not legally saleable, or that it contained an active drug ingredient associated with serious adverse side effects including, *inter alia*, iris color change, sunken eye, styes, hair growth around

22

**CLASS ACTION COMPLAINT**

the eye, complete hair less, and hair growing outside of treatment areas. Furthermore, like all members of the class, Plaintiff sustained damages from Grande Cosmetics' wrongful conduct and continues to suffer harm. Accordingly, Plaintiff has no interests antagonistic to the interests of any other member of the Class.

51.   Plaintiff is a representative who will fully and adequately assert and protect the interests of the Class and has retained counsel who is experienced in prosecuting class actions. Accordingly, Plaintiff is an adequate representative and will fairly and adequately protect the interests of the Class.

52.   A class action is superior to all other available methods for the fair and efficient adjudication of this lawsuit because individual litigation of the claims of all members of the Class is economically unfeasible and procedurally impracticable.

53.   While the aggregate damages sustained by the Class are in the millions of dollars, the individual damages incurred by each member of the Class resulting from Grande Cosmetics' wrongful conduct are too small to warrant the expense of individual lawsuits. The likelihood of individual Class members prosecuting their own separate claims is remote, and, even if every member of the Class could afford individual litigation, the court system would be unduly burdened by individual litigation of such cases.

54.   Grande Cosmetics has acted or refused to act on grounds that apply generally to the Class, thereby making appropriate final injunctive and corresponding declaratory relief with respect to the Class as a whole.

55.   The prosecution of separate actions by members of the Class would create a risk of establishing inconsistent rulings and/or incompatible standards of conduct for Grande Cosmetics. For example, one court might enjoin Grande Cosmetics from performing the challenged acts, whereas another might not.  Additionally, individual actions may be dispositive of the interests of the Class, although certain class members are not parties to such actions.

**CLASS ACTION COMPLAINT**

56.    The conduct of Grande Cosmetics is generally applicable to the Class as a whole and Plaintiff seeks, *inter alia*, equitable remedies with respect to the Class as a whole. As such, the systematic policies and practices of Grande Cosmetics make declaratory relief with respect to the Class as a whole appropriate. Grande Cosmetics must be stopped from selling an unapproved drug to California consumers in violation of the law. Accordingly, Plaintiff seeks an injunction from Grande Cosmetics' continued sale of the Enhancement Serums and to ensure that Grande Cosmetics complies with the Sherman Law as incorporated into the UCL. Enjoining Grande Cosmetics' unlawful sale of the Enhancement Serums requires one injunction to protect the class as a whole, and would not require a different injunction for each class member.

## FIRST CAUSE OF ACTION
## VIOLATION OF THE "UNLAWFUL" PRONG OF THE UCL
## (CAL. BUS. & PROF. CODE § 17200, et seq.)

57.    Plaintiff incorporates and realleges by reference each and every allegation contained in the preceding paragraphs as if fully set forth herein.

58.    The UCL defines unfair business competition to include any "unlawful, unfair or fraudulent" act or practice, as well as any "unfair, deceptive, untrue or misleading" advertising. Cal. Bus. & Pro. Code § 17200.

59.    A business act or practice is "unlawful" under the UCL if it violates any other law or regulation.

60.    Grande Cosmetics has violated the unlawful prong by virtue of its violations of the Sherman Food Drug & Cosmetics Laws, California's Health & Safety Code §§ 109875 et seq., selling new drugs without an approved new drug application, and selling misbranded drug and cosmetic products. In addition, Grande Cosmetics has violated the unlawful prong by virtue of its violations of the CLRA and the FAL.

61.    As a result of the conduct described above, Grande Cosmetics has been unjustly enriched at the expense of Plaintiff and members of the proposed Class.

Specifically, Grande Cosmetics has been unjustly enriched by obtaining revenues and profits that it would not otherwise have obtained absent its false, misleading and deceptive conduct.

62.   Through its unlawful acts and practices, Grande Cosmetics has improperly obtained money from Plaintiff and the Class.

63.   Consequently, Plaintiff requests that this court cause Grande Cosmetics to restore this money to Plaintiff and all Class members, and to enjoin Grande Cosmetics from continuing to violate the UCL as discussed herein and/or from violating the UCL in the future. Plaintiff seeks an injunction prohibiting the continued sale of the Enhancement Products which are prescription drugs being sold as cosmetics in violation of the Sherman Law and, accordingly, by the unlawful prong. Plaintiff and the Class may be irreparably harmed and/or denied an effective and complete remedy if such an order is not granted.

**SECOND CAUSE OF ACTION**
**VIOLATION OF THE "FRAUDULENT" PRONG OF THE UCL**
**(CAL. BUS. & PROF. CODE § 17200, et seq.)**

64.   Plaintiff incorporates and realleges by reference each and every allegation contained in the preceding paragraphs as if fully set forth herein.

65.   The UCL defines unfair business competition to include any "unlawful, unfair or fraudulent" act or practice, as well as any "unfair, deceptive, untrue or misleading" advertising. Cal. Bus. & Pro. Code § 17200.

66.   A business act or practice is "fraudulent" under the UCL if it is likely to deceive members of the consuming public.

67.   Grande Cosmetics has violated the fraudulent prong of § 17200, because its material misrepresentations and omissions regarding safety concerns associated with the Enhancement Products and the fact that the Enhancement Products are illegally

**CLASS ACTION COMPLAINT**

marketed and sold as a purely cosmetic product when it is actually a drug, have deceived Plaintiff and are highly likely to deceive reasonable members of the consuming public.

68.    Plaintiff and members of the Class have suffered injury in fact, including the loss of money, as a result of Grande Cosmetics' unlawful, unfair, and/or deceptive practices. Specifically, Grande Cosmetics' material misrepresentations and omissions about the safety, legality, and drug ingredients of the Enhancement Products induced reasonable purchasers, including Plaintiff, to buy the product, which they otherwise would not have purchased or would have paid less for.

69.    All of the wrongful conduct alleged herein occurred, and continues to occur, in the conduct of Grande Cosmetics' business. Grande Cosmetics' wrongful conduct is part of a general practice that is still being perpetuated and repeated throughout the State of California.

70.    Furthermore, as a result of the conduct described above, Grande Cosmetics has been unjustly enriched at the expense of Plaintiff and members of the proposed Class. Specifically, Grande Cosmetics has been unjustly enriched by obtaining revenues and profits that it would not otherwise have obtained absent its false, misleading, and deceptive advertising and conduct.

71.    Through its fraudulent acts and practices, Grande Cosmetics has improperly obtained money from Plaintiff and the Class.

72.    Consequently, Plaintiff requests that this court cause Grande Cosmetics to restore this money to Plaintiff and all Class members, and to enjoin Grande Cosmetics from continuing to violate the UCL as discussed herein and/or from violating the UCL in the future. Plaintiff and the Class may be irreparably harmed and/or denied an effective and complete remedy if such an order is not granted.

**CLASS ACTION COMPLAINT**

### THIRD CAUSE OF ACTION
### VIOLATION OF THE "UNFAIR" PRONG OF THE UCL
### (CAL. BUS. & PROF. CODE § 17200, et seq.)

73.     Plaintiff incorporates and realleges by reference each and every allegation contained in the preceding paragraphs as if fully set forth herein.

74.     The UCL defines unfair business competition to include any "unlawful, unfair or fraudulent" act or practice, as well as any "unfair, deceptive, untrue or misleading" advertising. Cal. Bus. & Pro. Code § 17200.

75.     A business act or practice is "unfair" under the UCL if the reasons, justifications, and motives of the alleged wrongdoer are outweighed by the gravity of the harm to the alleged victims.

76.     Grande Cosmetics has violated the unfair prong of § 17200 because the acts and practices set forth in the Complaint—including making misrepresentations and material omissions regarding the drug ingredients contained in the Enhancement Serums and the serious safety concerns associated with them—offend established public policy.

77.     The challenged conduct substantially injures consumers, and the harm to consumers greatly outweighs any benefits associated with Grande Cosmetics' actions. Reasonable consumers are not in a position to understand, given Grande Cosmetics' misrepresentations and omissions, the safety concerns posed by the Enhancement Serums, or the fact that they are actually drugs that are illegally marketed and sold.

78.     Through its unfair acts and practices, Grande Cosmetics has improperly obtained money from Plaintiff and the Class.

79.     Consequently, Plaintiff requests that this court cause Grande Cosmetics to restore this money to Plaintiff and all Class members, and to enjoin Grande Cosmetics from continuing to violate the UCL as discussed herein and/or from violating the UCL in the future. Otherwise, Plaintiff and the Classes may be irreparably harmed and/or denied an effective and complete remedy if such an order is not granted.

**FOURTH CAUSE OF ACTION**
**VIOLATIONS OF THE FALSE ADVERTSING LAW**
**(CAL. BUS. & PROF CODE §§ 17500, *et seq.*)**

80.    Plaintiff incorporates and realleges by reference each and every allegation contained in the preceding paragraphs as if fully set forth herein.

81.    California's Business and Professions Code § 17500, *et seq.* prohibits unfair, deceptive, untrue, or misleading advertising. When the seller has a duty to disclose material facts about a product, the sale of the product to consumers without disclosure of such material facts violates the FAL.

82.    Grande Cosmetics markets and sells the Enhancement Serums as if it were a purely cosmetic product free of significant safety concerns, when in fact, the reverse is true. Specifically, Grande Cosmetics materially misrepresents and misleads consumers about the fact that the Enhancement Serums are drugs, and the fact that they pose serious health risks, and omits from its marketing materials the fact that the Enhancement Serums are misbranded and sold illegally.

83.    Through its false advertising scheme, Grande Cosmetics has improperly obtained money from Plaintiff and the Class.

84.    Consequently, Plaintiff requests that this court cause Grande Cosmetics to restore this money to Plaintiff and all Class members, and to enjoin Grande Cosmetics from continuing to violate the FAL as discussed herein and/or from violating the FAL in the future. Plaintiff and the Class may be irreparably harmed and/or denied an effective and complete remedy if such an order is not granted.

**FIFTH CAUSE OF ACTION**
**VIOLATIONS OF THE CONSUMERS LEGAL REMEDIES ACT**
**(CAL. CIV. CODE § 1750, *et seq.*)**

85.    Plaintiff incorporates and realleges by reference each and every allegation contained in the preceding paragraphs as if fully set forth herein.

**CLASS ACTION COMPLAINT**

86.    At all relevant times, Plaintiff was a "consumer" as defined by Cal. Civ. Code § 1761(d).

87.    At all relevant times, the Enhancement Products constituted "goods" as defined by Cal. Civ. Code § 1761(a)

88.    At all relevant times, Defendant constituted a "person" as defined by Cal. Civ. Code § 1761(c).

89.    At all relevant times, Plaintiff and each of the class member's purchases of Defendant's Products constituted a "transaction" as defined by Cal. Civ. Code § 1761(e).

90.    Cal. Civ. Code § 1770(a)(2) prohibits "[m]isrepresenting the source, sponsorship, approval, or certification of goods or services."

91.    As described herein, Grande Cosmetics violated the CLRA by marketing and selling misbranded drug products, which required government approval prior to sale, but which lacked such approval. The sale of each unit of the Enhancement Serums was a misrepresentation to consumers that the product was recognized as safe by the FDA and/or California Department of Public Health, when it was not.

92.    Cal. Civ. Code § 1770(a)(5) prohibits "[r]epresenting that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have…." Furthermore, Cal. Civ. Code § 1770(a)(7) prohibits "[r]epresenting that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another."

93.    Grande Cosmetics violated these provisions of the CLRA by marketing and selling misbranded drug and cosmetic products that posed serious health and safety concerns. The sale of each Enhancement Product misrepresented that the product was free of undisclosed safety concerns. In addition, each Enhancement Serum sale misrepresented that the product is not a drug, has been determined to be safe, and is otherwise legally offered for sale.

**CLASS ACTION COMPLAINT**

94.   The CLRA (including §§ 1770(a) (2), (5), (7)) supports claims for omissions of material fact that Grande Cosmetics was obligated to disclose. In this case, Grande Cosmetics was obligated, but failed to disclose the known safety concerns associated with the isopropyl cloprostenate contained in the Enhancement Serums, the fact that the Enhancement Serums are drugs, and the illegality of their sales.

95.   Plaintiff relied on Grande Cosmetics' false and misleading omissions and representations about the safety and legal status of the Enhancement Serums in deciding to buy GrandeLASH-MD. Plaintiff would not have purchased GrandeLASH-MD absent Grande Cosmetics' unlawful conduct.

96.   Plaintiff, on behalf of herself and the proposed class, seeks an order enjoining Defendant's unfair or deceptive acts or practices described herein, equitable relief, an award of attorneys' fees, and costs under Cal. Civ. Code § 1780(e).

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff and the members of the Class demand a jury trial on all claims so triable and judgment against Defendant Grande Cosmetics, LLC as follows:

A.  An order certifying that this action may be maintained as a class action, that Plaintiff be appointed Class Representatives and Plaintiff's counsel be appointed Class Counsel;

B.  A judgment awarding Plaintiff and the Class rescission, restitution and/or other equitable relief, including, without limitation, restitutionary disgorgement of all profits and unjust enrichment that Grande Cosmetics obtained from Plaintiff and the Class as a result of its unfair and fraudulent business practices described herein;

C.  An order enjoining Grande Cosmetics from selling the Enhancement Serums in California—unapproved drugs, and from continuing to violate the UCL, FAL, and CLRA as described herein;

D. A judgment awarding Plaintiff her costs of suit; including reasonable attorneys' fees pursuant to California Civil Code § 1780(d), California Code of Civil Procedure § 1021.5 and as otherwise permitted by statute; and pre and post judgment interest; and

E. Such other and further relief as may be deemed necessary or appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff and all others similarly situated hereby demand trial by jury on all issues in this complaint that are so triable as a matter of right.

Dated: August 24, 2021                    Respectfully submitted,

By: ___/s/ Annick M. Persinger
Annick M. Persinger
TYCKO & ZAVAREEI LLP
10880 Wilshire Boulevard, Suite 1101
Los Angeles, CA 90024
(510) 254-6808
(202) 973-0950 facsimile
apersinger@tzlegal.com

Hassan A. Zavareei
Allison W. Parr (pro hac vice forthcoming)
TYCKO & ZAVAREEI LLP
1828 L Street, N.W., Suite 1000
Washington, D.C. 20036
(202) 973-0900
(202) 973-0950 facsimile
hzavareei@tzlegal.com
aparr@tzlegal.com

Attorneys for Plaintiff

**CLASS ACTION COMPLAINT**